06-30-08

PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC)
# ONE TO FOUR FAMILY RESIDENTIAL CONTRACT (RESALE)
NOTICE: Not For Use For Condominium Transactions

1. **PARTIES:** The parties to this contract are Thomas L. Barrells and Teresa D. Barrells (Seller) and Kurtis K. Hubbard and Felicia J. Hubbard (Buyer). Seller agrees to sell and convey to Buyer and Buyer agrees to buy from Seller the Property defined below.

2. **PROPERTY:**
   A. LAND: Lot 5, Block 7, Janlee Heights 6 Addition, City of Burkburnett, County of Wichita, Texas, known as 808 Mohawk Dr. 76354 (address/zip code), or as described on attached exhibit.
   B. IMPROVEMENTS: The house, garage and all other fixtures and improvements attached to the above-described real property, including without limitation, the following **permanently installed and built-in items**, if any: all equipment and appliances, valances, screens, shutters, awnings, wall-to-wall carpeting, mirrors, ceiling fans, attic fans, mail boxes, television antennas and satellite dish system and equipment, heating and air-conditioning units, security and fire detection equipment, wiring, plumbing and lighting fixtures, chandeliers, water softener system, kitchen equipment, garage door openers, cleaning equipment, shrubbery, landscaping, outdoor cooking equipment, and all other property owned by Seller and attached to the above described real property.
   C. ACCESSORIES: The following described related accessories, if any: window air conditioning units, stove, fireplace screens, curtains and rods, blinds, window shades, draperies and rods, controls for satellite dish system, controls for garage door openers, entry gate controls, door keys, mailbox keys, above ground pool, swimming pool equipment and maintenance accessories, and artificial fireplace logs.
   D. EXCLUSIONS: The following improvements and accessories will be retained by Seller and must be removed prior to delivery of possession: personal property

   The land, improvements and accessories are collectively referred to as the "Property".

3. **SALES PRICE:**
   A. Cash portion of Sales Price payable by Buyer at closing .................. $ 4,900.00
   B. Sum of all financing described below (excluding any loan funding fee or mortgage insurance premium) ......................................... $ 134,100.00
   C. Sales Price (Sum of A and B) .................................................... $ 139,000.00

4. **FINANCING:** The portion of Sales Price not payable in cash will be paid as follows: (Check applicable boxes below)
   ☒ A. THIRD PARTY FINANCING: One or more third party mortgage loans in the total amount of $ 134,100.00 (excluding any loan funding fee or mortgage insurance premium).
      (1) Property Approval: If the Property does not satisfy the lenders' underwriting requirements for the loan(s), this contract will terminate and the earnest money will be refunded to Buyer.
      (2) Financing Approval: (Check one box only)
         ☒ (a) This contract is subject to Buyer being approved for the financing described in the attached Third Party Financing Condition Addendum.
         ☐ (b) This contract is not subject to Buyer being approved for financing and does not involve FHA or VA financing.
   ☐ B. ASSUMPTION: The assumption of the unpaid principal balance of one or more promissory notes described in the attached TREC Loan Assumption Addendum.
   ☐ C. SELLER FINANCING: A promissory note from Buyer to Seller of $_____, secured by vendor's and deed of trust liens, and containing the terms and conditions described in the attached TREC Seller Financing Addendum. If an owner policy of title insurance is furnished, Buyer shall furnish Seller with a mortgagee policy of title insurance.

5. **EARNEST MONEY:** Upon execution of this contract by all parties, Buyer shall deposit $ 500.00 as earnest money with Archer Title, as escrow agent, at 1920 Elmwood North Ave. Wichita Falls, TX 76308 (address). Buyer shall deposit additional earnest money of $_____ with escrow agent within _____ days after the effective date of this contract. If Buyer fails to deposit the earnest money as required by this contract, Buyer will be in default.

6. **TITLE POLICY AND SURVEY:**
   A. TITLE POLICY: Seller shall furnish to Buyer at ☒Seller's ☐Buyer's expense an owner policy of title insurance (Title Policy) issued by Archer Title (Title Company) in the amount of the Sales Price, dated at or after closing, insuring Buyer against loss under the provisions of the Title Policy, subject to the promulgated exclusions

Initialed for identification by Buyer _____ _____ and Seller _____ _____   TREC NO. 20-8

Contract Concerning **808 Mohawk Dr.** _____ Page 2 of 8   06-30-08
(Address of Property)

(including existing building and zoning ordinances) and the following exceptions:
(1) Restrictive covenants common to the platted subdivision in which the Property is located.
(2) The standard printed exception for standby fees, taxes and assessments.
(3) Liens created as part of the financing described in Paragraph 4.
(4) Utility easements created by the dedication deed or plat of the subdivision in which the Property is located.
(5) Reservations or exceptions otherwise permitted by this contract or as may be approved by Buyer in writing.
(6) The standard printed exception as to marital rights.
(7) The standard printed exception as to waters, tidelands, beaches, streams, and related matters.
(8) The standard printed exception as to discrepancies, conflicts, shortages in area or boundary lines, encroachments or protrusions, or overlapping improvements. Buyer, at Buyer's expense, may have the exception amended to read, "shortages in area".

B. COMMITMENT: Within 20 days after the Title Company receives a copy of this contract, Seller shall furnish to Buyer a commitment for title insurance (Commitment) and, at Buyer's expense, legible copies of restrictive covenants and documents evidencing exceptions in the Commitment (Exception Documents) other than the standard printed exceptions. Seller authorizes the Title Company to deliver the Commitment and Exception Documents to Buyer at Buyer's address shown in Paragraph 21. If the Commitment and Exception Documents are not delivered to Buyer within the specified time, the time for delivery will be automatically extended up to 15 days or the Closing Date, whichever is earlier.

C. SURVEY: The survey must be made by a registered professional land surveyor acceptable to the Title Company and Buyer's lender(s). (Check one box only)
☒ (1) Within **20** days after the effective date of this contract, Seller shall furnish to Buyer and Title Company Seller's existing survey of the Property and a Residential Real Property Affidavit promulgated by the Texas Department of Insurance (Affidavit). If the existing survey or Affidavit is not acceptable to Title Company or Buyer's lender(s), Buyer shall obtain a new survey at ☐ Seller's ☒ Buyer's expense no later than 3 days prior to Closing Date. **If Seller fails to furnish the existing survey or Affidavit within the time prescribed, Buyer shall obtain a new survey at Seller's expense no later than 3 days prior to Closing Date.**
☐ (2) Within _____ days after the effective date of this contract, Buyer shall obtain a new survey at Buyer's expense. Buyer is deemed to receive the survey on the date of actual receipt or the date specified in this paragraph, whichever is earlier.
☐ (3) Within _____ days after the effective date of this contract, Seller, at Seller's expense shall furnish a new survey to Buyer.

D. OBJECTIONS: Buyer may object in writing to defects, exceptions, or encumbrances to title: disclosed on the survey other than items 6A(1) through (7) above; disclosed in the Commitment other than items 6A(1) through (8) above; or which prohibit the following use or activity: **single family residence** _____

Buyer must object the earlier of (i) the Closing Date or (ii) **2** _____ days after Buyer receives the Commitment, Exception Documents, and the survey. Buyer's failure to object within the time allowed will constitute a waiver of Buyer's right to object; except that the requirements in Schedule C of the Commitment are not waived. Provided Seller is not obligated to incur any expense, Seller shall cure the timely objections of Buyer or any third party lender within 15 days after Seller receives the objections and the Closing Date will be extended as necessary. If objections are not cured within such 15 day period, this contract will terminate and the earnest money will be refunded to Buyer unless Buyer waives the objections.

E. TITLE NOTICES:
(1) ABSTRACT OR TITLE POLICY: Broker advises Buyer to have an abstract of title covering the Property examined by an attorney of Buyer's selection, or Buyer should be furnished with or obtain a Title Policy. If a Title Policy is furnished, the Commitment should be promptly reviewed by an attorney of Buyer's choice due to the time limitations on Buyer's right to object.
(2) PROPERTY OWNERS' ASSOCIATION MANDATORY MEMBERSHIP: The Property ☐ is ☒ is not subject to mandatory membership in a property owners' association. If the Property is subject to mandatory membership in a property owners' association, Seller notifies Buyer under §5.012, Texas Property Code, that, as a purchaser of property in the residential community identified in Paragraph 2A in which the Property is located, you are obligated to be a member of the property owners' association. Restrictive covenants governing the use and occupancy of the Property and a dedicatory instrument governing the establishment, maintenance, and operation of this residential community have been or will be recorded in the Real Property Records of the county in which the Property is located. Copies of the restrictive covenants and dedicatory instrument may be obtained from the county clerk. You are obligated to pay assessments to the property owners' association. The amount of the assessments is subject to change. Your failure to pay the

Initialed for identification by Buyer ____ ____ and Seller ____ ____   TREC NO. 20-8

Computer generated using AutoContract™ v8.02 software, from AutoRealty, LLC, 1060 W. Pipeline, Suite 101, Hurst, TX 76053, (800) 322-1178
This installation of AutoContract™ is licensed for use to: Jay McWhorter of Hirschi Realtors, and is not transferable. Use by others is a violation of federal copyright law under Title 17 U.S.C. §101.
F:\ACWINv6\WKFILES\Barrells.00017
printed 12-03-2009

Contract Concerning __808 Mohawk Dr._____ Page 3 of 8  06-30-08
(Address of Property)

assessments could result in a lien on and the foreclosure of the Property. **If Buyer is concerned about these matters, the TREC promulgated Addendum for Property Subject to Mandatory Membership in a Property Owners' Association should be used.**

(3) STATUTORY TAX DISTRICTS: If the Property is situated in a utility or other statutorily created district providing water, sewer, drainage, or flood control facilities and services, Chapter 49, Texas Water Code, requires Seller to deliver and Buyer to sign the statutory notice relating to the tax rate, bonded indebtedness, or standby fee of the district prior to final execution of this contract.

(4) TIDE WATERS: If the Property abuts the tidally influenced waters of the state, §33.135, Texas Natural Resources Code, requires a notice regarding coastal area property to be included in the contract. An addendum containing the notice promulgated by TREC or required by the parties must be used.

(5) ANNEXATION: If the Property is located outside the limits of a municipality, Seller notifies Buyer under §5.011, Texas Property Code, that the Property may now or later be included in the extraterritorial jurisdiction of a municipality and may now or later be subject to annexation by the municipality. Each municipality maintains a map that depicts its boundaries and extraterritorial jurisdiction. To determine if the Property is located within a municipality's extraterritorial jurisdiction or is likely to be located within a municipality's extraterritorial jurisdiction, contact all municipalities located in the general proximity of the Property for further information.

(6) PROPERTY LOCATED IN A CERTIFICATED SERVICE AREA OF A UTILITY SERVICE PROVIDER: Notice required by §13.257, Water Code: The real property, described in Paragraph 2, that you are about to purchase may be located in a certificated water or sewer service area, which is authorized by law to provide water or sewer service to the properties in the certificated area. If your property is located in a certificated area there may be special costs or charges that you will be required to pay before you can receive water or sewer service. There may be a period required to construct lines or other facilities necessary to provide water or sewer service to your property. You are advised to determine if the property is in a certificated area and contact the utility service provider to determine the cost that you will be required to pay and the period, if any, that is required to provide water or sewer service to your property. The undersigned Buyer hereby acknowledges receipt of the foregoing notice at or before the execution of a binding contract for the purchase of the real property described in Paragraph 2 or at closing of purchase of the real property.

(7) PUBLIC IMPROVEMENT DISTRICTS: If the Property is in a public improvement district, §5.014, Property Code, requires Seller to notify Buyer as follows: As a purchaser of this parcel of real property you are obligated to pay an assessment to a municipality or county for an improvement project undertaken by a public improvement district under Chapter 372, Local Government Code. The assessment may be due annually or in periodic installments. More information concerning the amount of the assessment and the due dates of that assessment may be obtained from the municipality or county levying the assessment. The amount of the assessments is subject to change. Your failure to pay the assessments could result in a lien on and the foreclosure of your property.

7. **PROPERTY CONDITION:**
   A. ACCESS, INSPECTIONS AND UTILITIES: Seller shall permit Buyer and Buyer's agents access to the Property at reasonable times. Buyer may have the Property inspected by inspectors selected by Buyer and licensed by TREC or otherwise permitted by law to make inspections. Seller at Seller's expense shall turn on existing utilities for inspections.
   B. SELLER'S DISCLOSURE NOTICE PURSUANT TO §5.008, TEXAS PROPERTY CODE (Notice): (Check one box only)
      ☒ (1) Buyer has received the Notice.
      ☐ (2) Buyer has not received the Notice. Within _____ days after the effective date of this contract, Seller shall deliver the Notice to Buyer. If Buyer does not receive the Notice, Buyer may terminate this contract at any time prior to the closing and the earnest money will be refunded to Buyer. If Seller delivers the Notice, Buyer may terminate this contract for any reason within 7 days after Buyer receives the Notice or prior to the closing, whichever first occurs, and the earnest money will be refunded to Buyer.
      ☐ (3) The Seller is not required to furnish the notice under the Texas Property Code.
   C. SELLER'S DISCLOSURE OF LEAD-BASED PAINT AND LEAD-BASED PAINT HAZARDS is required by Federal law for a residential dwelling constructed prior to 1978.
   D. ACCEPTANCE OF PROPERTY CONDITION: (Check one box only)
      ☐ (1) Buyer accepts the Property in its present condition.
      ☒ (2) Buyer accepts the Property in its present condition provided Seller, at Seller's expense, shall complete the following specific repairs and treatments: __treat for wood destroying insects if found to have active infestation at time of inspection by a lic. pest inspector.__
   E. LENDER REQUIRED REPAIRS AND TREATMENTS: Unless otherwise agreed in writing, neither party is obligated to pay for lender required repairs, which includes treatment

Initialed for identification by Buyer ____ ____ and Seller ____ ____   TREC NO. 20-8

Computer generated using AutoContract™ v6.02 software, from AutoRealty, LLC, 1060 W. Pipeline, Suite 101, Hurst, TX 76053, (800) 322-1178
This installation of AutoContract™ is licensed for use to: Jay McWhorter of Hirschi Realtors, and is not transferable. Use by others is a violation of federal copyright law under Title 17 U.S.C. §101.
F:\ACWIN\v6\WKFILES\Barrells.00017
printed 12-03-2009

Contract Concerning **808 Mohawk Dr.** _____ Page 4 of 8   06-30-08
(Address of Property)

for wood destroying insects. If the parties do not agree to pay for the lender required repairs or treatments, this contract will terminate and the earnest money will be refunded to Buyer. If the cost of lender required repairs and treatments exceeds 5% of the Sales Price, Buyer may terminate this contract and the earnest money will be refunded to Buyer.

F. COMPLETION OF REPAIRS AND TREATMENTS: Unless otherwise agreed in writing, Seller shall complete all agreed repairs and treatments prior to the Closing Date. All required permits must be obtained, and repairs and treatments must be performed by persons who are licensed or otherwise authorized by law to provide such repairs or treatments. At Buyer's election, any transferable warranties received by Seller with respect to the repairs and treatments will be transferred to Buyer at Buyer's expense. If Seller fails to complete any agreed repairs and treatments prior to the Closing Date, Buyer may do so and receive reimbursement from Seller at closing. The Closing Date will be extended up to 15 days, if necessary, to complete repairs and treatments.

G. ENVIRONMENTAL MATTERS: Buyer is advised that the presence of wetlands, toxic substances, including asbestos and wastes or other environmental hazards, or the presence of a threatened or endangered species or its habitat may affect Buyer's intended use of the Property. If Buyer is concerned about these matters, an addendum promulgated by TREC or required by the parties should be used.

H. RESIDENTIAL SERVICE CONTRACTS: Buyer may purchase a residential service contract from a residential service company licensed by TREC. If Buyer purchases a residential service contract, Seller shall reimburse Buyer at closing for the cost of the residential service contract in an amount not exceeding $_____**560.00**. Buyer should review any residential service contract for the scope of coverage, exclusions and limitations. **The purchase of a residential service contract is optional. Similar coverage may be purchased from various companies authorized to do business in Texas.**

8. **BROKERS' FEES:** All obligations of the parties for payment of brokers' fees are contained in separate written agreements.

9. **CLOSING:**
   A. The closing of the sale will be on or before **December 30**_____, **2010**__, or within 7 days after objections made under Paragraph 6D have been cured or waived, whichever date is later (Closing Date). If either party fails to close the sale by the Closing Date, the non-defaulting party may exercise the remedies contained in Paragraph 15.
   B. At closing:
      (1) Seller shall execute and deliver a general warranty deed conveying title to the Property to Buyer and showing no additional exceptions to those permitted in Paragraph 6 and furnish tax statements or certificates showing no delinquent taxes on the Property.
      (2) Buyer shall pay the Sales Price in good funds acceptable to the escrow agent.
      (3) Seller and Buyer shall execute and deliver any notices, statements, certificates, affidavits, releases, loan documents and other documents required of them by this contract, the Commitment or law necessary for the closing of the sale and the issuance of the Title Policy.
      (4) There will be no liens, assessments, or security interests against the Property which will not be satisfied out of the sales proceeds unless securing the payment of any loans assumed by Buyer and assumed loans will not be in default.

10. **POSSESSION:** Seller shall deliver to Buyer possession of the Property in its present or required condition, ordinary wear and tear excepted: ☐ upon closing and funding ☒ according to a temporary residential lease form promulgated by TREC or other written lease required by the parties. Any possession by Buyer prior to closing or by Seller after closing which is not authorized by a written lease will establish a tenancy at sufferance relationship between the parties. **Consult your insurance agent prior to change of ownership and possession because insurance coverage may be limited or terminated. The absence of a written lease or appropriate insurance coverage may expose the parties to economic loss.**

11. **SPECIAL PROVISIONS:** (Insert only factual statements and business details applicable to the sale. TREC rules prohibit licensees from adding factual statements or business details for which a contract addendum, lease or other form has been promulgated by TREC for mandatory use.)

   **Buyer is relative of selling realtor.**

Initialed for identification by Buyer _____ _____ and Seller _____ _____   TREC NO. 20-8

Computer generated using AutoContract™ v6.02 software, from AutoRealty, LLC, 1060 W. Pipeline, Suite 101, Hurst, TX 76053, (800) 322-1178
This installation of AutoContract™ is licensed for use to: Jay McWhorter of Hirschi Realtors, and is not transferable. Use by others is a violation of Federal copyright law under Title 17 U.S.C. §101.
F:\ACWIN v6\WKFILES\Barrels.00017   printed 12-03-2009

Contract Concerning 808 Mohawk Dr. _____ Page 5 of 8  06-30-08
(Address of Property)

**12. SETTLEMENT AND OTHER EXPENSES:**
  A. The following expenses must be paid at or prior to closing:
    (1) Expenses payable by Seller (Seller's Expenses):
      (a) Releases of existing liens, including prepayment penalties and recording fees; release of Seller's loan liability; tax statements or certificates; preparation of deed; one-half of escrow fee; and other expenses payable by Seller under this contract.
      (b) Seller shall also pay an amount not to exceed $ __3,500.00__ to be applied in the following order: Buyer's Expenses which Buyer is prohibited from paying by FHA, VA, Texas Veterans Land Board or other governmental loan programs, and then to other Buyer's Expenses as allowed by the lender.
    (2) Expenses payable by Buyer (Buyer's Expenses):
      (a) Loan origination, discount, buy-down, and commitment fees (Loan Fees).
      (b) Appraisal fees; loan application fees; credit reports; preparation of loan documents; interest on the notes from date of disbursement to one month prior to dates of first monthly payments; recording fees; copies of easements and restrictions; mortgagee title policy with endorsements required by lender; loan-related inspection fees; photos; amortization schedules; one-half of escrow fee; all prepaid items, including required premiums for flood and hazard insurance, reserve deposits for insurance, ad valorem taxes and special governmental assessments; final compliance inspection; courier fee; repair inspection; underwriting fee; wire transfer fee; expenses incident to any loan; and other expenses payable by Buyer under this contract.
  B. Buyer shall pay Private Mortgage Insurance Premium (PMI), VA Loan Funding Fee, or FHA Mortgage Insurance Premium (MIP) as required by the lender.
  C. If any expense exceeds an amount expressly stated in this contract for such expense to be paid by a party, that party may terminate this contract unless the other party agrees to pay such excess. Buyer may not pay charges and fees expressly prohibited by FHA, VA, Texas Veterans Land Board or other governmental loan program regulations.

**13. PRORATIONS:** Taxes for the current year, interest, maintenance fees, assessments, dues and rents will be prorated through the Closing Date. The tax proration may be calculated taking into consideration any change in exemptions that will affect the current year's taxes. If taxes for the current year vary from the amount prorated at closing, the parties shall adjust the prorations when tax statements for the current year are available. If taxes are not paid at or prior to closing, Buyer shall pay taxes for the current year.

**14. CASUALTY LOSS:** If any part of the Property is damaged or destroyed by fire or other casualty after the effective date of this contract, Seller shall restore the Property to its previous condition as soon as reasonably possible, but in any event by the Closing Date. If Seller fails to do so due to factors beyond Seller's control, Buyer may (a) terminate this contract and the earnest money will be refunded to Buyer (b) extend the time for performance up to 15 days and the Closing Date will be extended as necessary or (c) accept the Property in its damaged condition with an assignment of insurance proceeds and receive credit from Seller at closing in the amount of the deductible under the insurance policy. Seller's obligations under this paragraph are independent of any other obligations of Seller under this contract.

**15. DEFAULT:** If Buyer fails to comply with this contract, Buyer will be in default, and Seller may (a) enforce specific performance, seek such other relief as may be provided by law, or both, or (b) terminate this contract and receive the earnest money as liquidated damages, thereby releasing both parties from this contract. If, due to factors beyond Seller's control, Seller fails within the time allowed to make any non-casualty repairs or deliver the Commitment, or survey, if required of Seller, Buyer may (a) extend the time for performance up to 15 days and the Closing Date will be extended as necessary or (b) terminate this contract as the sole remedy and receive the earnest money. If Seller fails to comply with this contract for any other reason, Seller will be in default and Buyer may (a) enforce specific performance, seek such other relief as may be provided by law, or both, or (b) terminate this contract and receive the earnest money, thereby releasing both parties from this contract.

**16. MEDIATION:** It is the policy of the State of Texas to encourage resolution of disputes through alternative dispute resolution procedures such as mediation. Any dispute between Seller and Buyer related to this contract which is not resolved through informal discussion ☒will ☐will not be submitted to a mutually acceptable mediation service or provider. The parties to the mediation shall bear the mediation costs equally. This paragraph does not preclude a party from seeking equitable relief from a court of competent jurisdiction.

**17. ATTORNEY'S FEES:** A Buyer, Seller, Listing Broker, Other Broker, or escrow agent who prevails in any legal proceeding related to this contract is entitled to recover reasonable attorney's fees and all costs of such proceeding.

Initialed for identification by Buyer __KH__ __JH__ and Seller _____ _____  TREC NO. 20-8
Computer generated using AutoContract™ v8.02 software, from AutoRealty, LLC, 1060 W. Pipeline, Suite 101, Hurst, TX 76053, (800) 322-1178  F:\ACWIN\v6\WKFILES\Barrells.00017
This installation of AutoContract™ is licensed for use to: Jay McWhorter of Hirschi Realtors, and is not transferable. Use by others is a violation of federal copyright law under Title 17 U.S.C. §101.  printed 12-03-2009

E-mail: tony@instylerealestate.com  E-mail: _____

Initialed for identification by Buyer __KH__ __JH__ and Seller _____ _____  TREC NO. 20-8
Computer generated using AutoContract™ v8.02 software, from AutoRealty, LLC, 1060 W. Pipeline, Suite 101, Hurst, TX 76053, (800) 322-1178  F:\ACWIN\v6\WKFILES\Barrells.00017
This installation of AutoContract™ is licensed for use to: Jay McWhorter of Hirschi Realtors, and is not transferable. Use by others is a violation of federal copyright law under Title 17 U.S.C. §101.  printed 12-03-2009

Contract Concerning __808 Mohawk Dr._____
                              (Address of Property)               Page 6 of 8   06-30-08

**18. ESCROW:**
   A. ESCROW: The escrow agent is not (i) a party to this contract and does not have liability for the performance or nonperformance of any party to this contract, (ii) liable for interest on the earnest money and (iii) liable for the loss of any earnest money caused by the failure of any financial institution in which the earnest money has been deposited unless the financial institution is acting as escrow agent.
   B. EXPENSES: At closing, the earnest money must be applied first to any cash down payment, then to Buyer's Expenses and any excess refunded to Buyer. If no closing occurs, escrow agent may require payment of unpaid expenses incurred on behalf of the parties and a written release of liability of escrow agent from all parties.
   C. DEMAND: Upon termination of this contract, either party or the escrow agent may send a release of earnest money to each party and the parties shall execute counterparts of the release and deliver same to the escrow agent. If either party fails to execute the release, either party may make a written demand to the escrow agent for the earnest money. If only one party makes written demand for the earnest money, escrow agent shall promptly provide a copy of the demand to the other party. If escrow agent does not receive written objection to the demand from the other party within 15 days, escrow agent may disburse the earnest money to the party making demand reduced by the amount of unpaid expenses incurred on behalf of the party receiving the earnest money and escrow agent may pay the same to the creditors. If escrow agent complies with the provisions of this paragraph, each party hereby releases escrow agent from all adverse claims related to the disbursal of the earnest money.
   D. DAMAGES: Any party who wrongfully fails or refuses to sign a release acceptable to the escrow agent within 7 days of receipt of the request will be liable to the other party for liquidated damages in an amount equal to the sum of: (i) three times the amount of the earnest money; (ii) the earnest money; (iii) reasonable attorney's fees; and (iv) all costs of suit.
   E. NOTICES: Escrow agent's notices will be effective when sent in compliance with Paragraph 21. Notice of objection to the demand will be deemed effective upon receipt by escrow agent.

**19. REPRESENTATIONS:** All covenants, representations and warranties in this contract survive closing. If any representation of Seller in this contract is untrue on the Closing Date, Seller will be in default. Unless expressly prohibited by written agreement, Seller may continue to show the Property and receive, negotiate and accept back up offers.

**20. FEDERAL TAX REQUIREMENTS:** If Seller is a "foreign person," as defined by applicable law, or if Seller fails to deliver an affidavit to Buyer that Seller is not a "foreign person," then Buyer shall withhold from the sales proceeds an amount sufficient to comply with applicable tax law and deliver the same to the Internal Revenue Service together with appropriate tax forms. Internal Revenue Service regulations require filing written reports if currency in excess of specified amounts is received in the transaction.

**21. NOTICES:** All notices from one party to the other must be in writing and are effective when mailed to, hand-delivered at, or transmitted by facsimile or electronic transmission as follows:

| To Buyer at: | C/O Instyle Real Estate | To Seller at: | Thomas and Teresa Barrells |
|---|---|---|---|
| 931 Red River Expressway | | 1805 A Dayton | |
| Burkburnett, TX 76354 | | Wichita Falls, TX 76301 | |
| Telephone: 940-569-3444 | | Telephone: 940-631-3272 | |
| Facsimile: 940-569-3454 | | Facsimile: | |
| E-mail: tony@instylerealestate.com | | E-mail: | |

Initialed for identification by Buyer __KH__ __JM__ and Seller __[initials]__ __[initials]__   TREC NO. 20-8

Computer generated using AutoContract™ v6.02 software, from AutoRealty, LLC, 1080 W. Pipeline, Suite 101, Hurst, TX 76053, (800) 322-1178
This installation of AutoContract™ is licensed for use to: Jay McWhorter of Hirschi Realtors, and is not transferable. Use by others is a violation of federal copyright law under Title 17 U.S.C. §101.
F:\A\CWIN\v6\WKFILES\Barrells.00017
printed 12-03-2009

Contract Concerning 808 Mohawk Dr. _____ Page 7 of 8   06-30-08
(Address of Property)

**22. AGREEMENT OF PARTIES:** This contract contains the entire agreement of the parties and cannot be changed except by their written agreement. Addenda which are a part of this contract are (Check all applicable boxes):

- [X] Third Party Financing Condition Addendum
- [ ] Seller Financing Addendum
- [ ] Addendum for Property Subject to Mandatory Membership in a Property Owners' Association
- [X] Buyer's Temporary Residential Lease
- [ ] Seller's Temporary Residential Lease
- [ ] Addendum for Sale of Other Property by Buyer
- [ ] Addendum Containing Required Notices Under §5.016, §420.001 and §420.002, Texas Property Code

- [ ] Addendum for "Back-Up" Contract
- [ ] Addendum for Coastal Area Property
- [ ] Environmental Assessment, Threatened or Endangered Species and Wetlands Addendum
- [ ] Addendum for Property Located Seaward of the Gulf Intracoastal Waterway
- [X] Addendum for Seller's Disclosure of Information on Lead-based Paint and Lead-based Paint Hazards as Required by Federal Law
- [ ] Other (list): _____

**23. TERMINATION OPTION:** For nominal consideration, the receipt of which is hereby acknowledged by Seller, and Buyer's agreement to pay Seller $ 50.00 (Option Fee) within 2 days after the effective date of this contract, Seller grants Buyer the unrestricted right to terminate this contract by giving notice of termination to Seller within 10 days after the effective date of this contract. If no dollar amount is stated as the Option Fee or if Buyer fails to pay the Option Fee to Seller within the time prescribed, this paragraph will not be a part of this contract and Buyer shall not have the unrestricted right to terminate this contract. If Buyer gives notice of termination within the time prescribed, the Option Fee will not be refunded; however, any earnest money will be refunded to Buyer. The Option Fee [X] will [ ] will not be credited to the Sales Price at closing. **Time is of the essence for this paragraph and strict compliance with the time for performance is required.**

**24. CONSULT AN ATTORNEY:** Real estate licensees cannot give legal advice. READ THIS CONTRACT CAREFULLY. If you do not understand the effect of this contract, consult an attorney BEFORE signing.

Buyer's Attorney is: _____

Telephone: _____

Facsimile: _____

E-mail: _____

Seller's Attorney is: _____

Telephone: _____

Facsimile: _____

E-mail: _____

**EXECUTED the 4 day of DECEMBER, 20 09 (EFFECTIVE DATE).**
**(BROKER: FILL IN THE DATE OF FINAL ACCEPTANCE.)**

_/s/ Kurtis Hubbard_
Buyer Kurtis K. Hubbard

_/s/ Felicia J. Hubbard_
Buyer Felicia J. Hubbard

_/s/ Thomas L. Barrells_
Seller Thomas L. Barrells

_/s/ Teresa Barrells_
Seller Teresa D. Barrells

The form of this contract has been approved by the Texas Real Estate Commission. TREC forms are intended for use only by trained real estate licensees. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not intended for complex transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, 1-800-250-8732 or (512) 459-6544 (http://www.trec.state.tx.us) TREC NO. 20-8. This form replaces TREC NO. 20-7.

Computer generated using AutoContract™ v6.02 software, from AutoRealty, LLC, 1060 W. Pipeline, Suite 101, Hurst, TX 76053, (800) 322-1178
This installation of AutoContract™ is licensed for use to: Jay McWhorter of Hirsch Realtors, and is not transferable. Use by others is a violation of federal copyright law under Title 17 U.S.C. §101.

TREC NO. 20-8
F:\ACWINv6\WKFILES\Barrells.00017
printed 12-03-2009

Contract Concerning **808 Mohawk Dr.** _____ Page 8 of 8   06-30-08
(Address of Property)

## BROKER INFORMATION AND RATIFICATION OF FEE

Listing Broker has agreed to pay Other Broker **3%** _____ of the total sales price when Listing Broker's fee is received. Escrow Agent is authorized and directed to pay Other Broker from Listing Broker's fee at closing.

| **Instyle Real Estate** | 0484877 | **HIRSCHI REALTORS** | 327609-08 |
|---|---|---|---|
| Other Broker | License No. | Listing Broker | License No. |

represents   ☒ Buyer only, as Buyer's agent
             ☐ Seller as Listing Broker's subagent

represents   ☐ Seller and Buyer as an Intermediary
             ☒ Seller only as Seller's agent

**Elaine Hubbard** _____ 940-733-4739
Associate                             Telephone

**Jay or Lydia McWhorter** _Jay McWhrt_ 940-733-4468
Listing Associate                     Telephone

**931 Red River Expressway**
Broker's Address

**3631 Maplewood Ave, Suite 1**     940-691-1213
Listing Associate's Office Address   Facsimile

**Burkburnett, TX 76354**
City          State          Zip

**Wichita Falls, TX 76308**
City          State          Zip

**940-569-3454**
Facsimile

**jay@hirschirealtors.com**
Email Address

**oldmotherhubbard40@gmail.com**
Email Address

_____
Selling Associate       Telephone

_____
Selling Associate's Office Address   Facsimile

_____
City          State          Zip

_____
Email Address

## OPTION FEE RECEIPT

Receipt of $ _____ **50.00** (Option Fee) in the form of **personal check** _____ is acknowledged.

_____        _____
Seller or Listing Broker                 Date

## CONTRACT AND EARNEST MONEY RECEIPT

Receipt of ☒ Contract and ☒ $ _____ **500.00** Earnest Money in the form of **personal check**
is acknowledged.
Escrow Agent: **Archer Title** _____   Date: _____

By: _____
                                                         _____
                                                         Email Address

**1920 Elmwood North Ave.**                              Telephone **(940) 720-5200**
Address

**Wichita Falls, TX 76308**                              Facsimile: **(940) 691-3199**
City          State          Zip

Computer generated using AutoContract™ v6.02 software, from AutoRealty, LLC. 1060 W. Pipeline, Suite 101, Hurst, TX 76053, (800) 322-1178
This installation of AutoContract™ is licensed for use to: Jay McWhorter of Hirschi Realtors, and is not transferable. Use by others is a violation of federal copyright law under title 17 U.S.C. §101.

TREC NO. 20-8
F:\ACWIN\v6\WKFILES\Barrells.00017
printed 12-03-2009

12-10-07



PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC)

# THIRD PARTY FINANCING CONDITION ADDENDUM

TO CONTRACT CONCERNING THE PROPERTY AT

| 808 Mohawk Dr. | Burkburnett | TX | 76354 |

(Street Address and City)

Buyer shall apply promptly for all financing described below and make every reasonable effort to obtain approval for the financing (Financing Approval). Buyer shall furnish all information and documents required by lender for Financing Approval. Financing Approval will be deemed to have been obtained when (1) the terms of the loan(s) described below are available and (2) lender determines that Buyer has satisfied all of lender's financial requirements (those items relating to Buyer's assets, income and credit history). If Buyer cannot obtain Financing Approval, Buyer may give written notice to Seller within **15** days after the effective date of this contract and this contract will terminate and the earnest money will be refunded to Buyer. **If Buyer does not give such notice within the time required, this contract will no longer be subject to Financing Approval. Time is of the essence for this paragraph and strict compliance with the time for performance is required.**

*NOTE: Financing Approval does not include approval of lender's underwriting requirements for the Property, as specified in Paragraph 4.A.(1) of the contract.*

Each note must be secured by vendor's and deed of trust liens.

**CHECK APPLICABLE BOXES:**

☐ A. CONVENTIONAL FINANCING:
    ☐ (1) A first mortgage loan in the principal amount of $ _____ (excluding any financed PMI premium), due in full in _____ year(s), with interest not to exceed _____% per annum for the first _____ year(s) of the loan with Loan Fees (loan origination, discount, buy-down, and commitment fees) not to exceed **0.000**% of the loan.
    ☐ (2) A second mortgage loan in the principal amount of $_____ (excluding any financed PMI premium), due in full in _____ year(s), with interest not to exceed _____% per annum for the first _____ year(s) of the loan with Loan Fees (loan origination, discount, buy-down, and commitment fees) not to exceed _____% of the loan.

☐ B. TEXAS VETERANS LOAN: A loan(s) from the Texas Veterans Land Board of $_____ for a period in the total amount of _____ years at the interest rate established by the Texas Veterans Land Board.

☒ C. FHA INSURED FINANCING: A Section **203b** FHA insured loan of not less than $ **134,100.00** (excluding any financed MIP), amortizable monthly for not less than **30** years, with interest not to exceed **4.875**% per annum for the first **30** year(s) of the loan with Loan Fees (loan origination, discount, buy-down, and commitment fees) not to exceed _____% of the loan. As required by HUD-FHA, if FHA valuation is unknown, "It is expressly agreed that, notwithstanding any other provision of this contract, the purchaser (Buyer) shall not be obligated to complete the purchase of the Property described herein or to incur any penalty by forfeiture of earnest money deposits or otherwise unless the purchaser (Buyer) has been given in accordance with HUD/FHA or VA requirements a written statement issued by the Federal Housing Commissioner, Department of Veterans Affairs, or a Direct Endorsement Lender setting forth the appraised value of the Property of not less than $ **139,000.00**. The purchaser (Buyer) shall have the privilege and option of proceeding with consummation of the contract without regard to the amount of the

Initialed for identification by Buyer ____ ____ and Seller ____ ____    TREC NO. 40-3

Computer generated using AutoContract™ v6.02 software, from AutoRealty, LLC, 1060 W. Pipeline, Suite 101, Hurst, TX 76053, (800) 322-1178
This installation of AutoContract™ is licensed for use to: Jay McWhorter of Hirschi Realtors, and is not transferable. Use by others is a violation of federal copyright law under Title 17 U.S.C. §101.
F:\ACWIN\v6\WKFILES\Barrells.00017
printed 12-03-2009

Third Party Financing Condition Addendum Concerning                                    Page 2 of 2 12-10-07

808 Mohawk Dr.
_____
(Address of Property)

*appraised valuation. The appraised valuation is arrived at to determine the maximum mortgage the Department of Housing and Urban Development will insure. HUD does not warrant the value or the condition of the Property. The purchaser (Buyer) should satisfy himself/herself that the price and the condition of the Property are acceptable."*
NOTE: HUD 92564-CN "For Your Protection: Get a Home Inspection" must be attached to this Addendum.

☐ D. VA GUARANTEED FINANCING: A VA guaranteed loan of not less than $_____ (excluding any financed Funding Fee), amortizable monthly for not less than_____years, with interest not to exceed_____% per annum for the first _____year(s) of the loan with Loan Fees (loan origination, discount, buy-down, and commitment fees) not to exceed _____% of the loan.

VA NOTICE TO BUYER: *"It is expressly agreed that, notwithstanding any other provisions of this contract, the Buyer shall not incur any penalty by forfeiture of earnest money or otherwise or be obligated to complete the purchase of the Property described herein, if the contract purchase price or cost exceeds the reasonable value of the Property established by the Department of Veterans Affairs. The Buyer shall, however, have the privilege and option of proceeding with the consummation of this contract without regard to the amount of the reasonable value established by the Department of Veterans Affairs."*

If Buyer elects to complete the purchase at an amount in excess of the reasonable value established by VA, Buyer shall pay such excess amount in cash from a source which Buyer agrees to disclose to the VA and which Buyer represents will not be from borrowed funds except as approved by VA. If VA reasonable value of the Property is less than the Sales Price, Seller may reduce the Sales Price to an amount equal to the VA reasonable value and the sale will be closed at the lower Sales Price with proportionate adjustments to the down payment and the loan amount.

Buyer hereby authorizes any lender to furnish to the Seller or Buyer or their representatives information relating only to the status of Financing Approval of Buyer.

✓ _____/s/ Kurtis Hubbard_____    _____/s/ Thomas Barrells_____
Buyer                                                                                   Seller
Kurtis K. Hubbard                                                              Thomas L. Barrells

_____/s/ Felicia J Hubbard_____    _____/s/ Teresa Barrells_____
Buyer                                                                                   Seller
Felicia J. Hubbard                                                              Teresa D. Barrells

This form has been approved by the Texas Real Estate Commission for use with similarly approved or promulgated contract forms. Such approval relates to this form only. TREC forms are intended for use only by trained real estate licensees. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not intended for complex transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, 1-800-250-8732 or (512) 459-6544 (http://www.trec.state.tx.us) TREC No. 40-3. This form replaces TREC No. 40-2.

APPROVED BY THE TEXAS REAL ESTATE COMMISSION 02-09-2004



# ADDENDUM FOR SELLER'S DISCLOSURE OF INFORMATION ON LEAD-BASED PAINT AND LEAD-BASED PAINT HAZARDS AS REQUIRED BY FEDERAL LAW

CONCERNING THE PROPERTY AT 808 Mohawk Dr.        Burkburnett        TX        76354
(Street Address and City)

A. **LEAD WARNING STATEMENT:** "Every purchaser of any interest in residential real property on which a residential dwelling was built prior to 1978 is notified that such property may present exposure to lead from lead-based paint that may place young children at risk of developing lead poisoning. Lead poisoning in young children may produce permanent neurological damage, including learning disabilities, reduced intelligence quotient, behavioral problems, and impaired memory. Lead poisoning also poses a particular risk to pregnant women. The seller of any interest in residential real property is required to provide the buyer with any information on lead-based paint hazards from risk assessments or inspections in the seller's possession and notify the buyer of any known lead-based paint hazards. A risk assessment or inspection for possible lead-paint hazards is recommended prior to purchase."
**NOTICE: Inspector must be properly certified as required by federal law.**

B. **SELLER'S DISCLOSURE:**
  1. PRESENCE OF LEAD-BASED PAINT AND/OR LEAD-BASED PAINT HAZARDS (check on box only):
     ☐ (a) Known lead-based paint and/or lead-based paint hazards are present in the Property (explain): _____
     ☒ (b) Seller has no actual knowledge of lead-based paint and/or lead-based paint hazards in the Property.
  2. RECORDS AND REPORTS AVAILABLE TO SELLER (check one box only):
     ☐ (a) Seller has provided the purchaser with all available records and reports pertaining to lead-based paint and/or lead-based paint hazards in the Property (list documents):_____
     ☒ (b) Seller has no reports or records pertaining to lead-based paint and/or lead-based paint hazards in the Property.

C. **BUYER'S RIGHTS** (check one box only):
  ☒ 1. Buyer waives the opportunity to conduct a risk assessment or inspection of the Property for the presence of lead-based paint or lead-based paint hazards.
  ☐ 2. Within ten days after the effective date of this contract, Buyer may have the Property inspected by inspectors selected by Buyer. If lead-based paint or lead-based paint hazards are present, Buyer may terminate this contract by giving Seller written notice within 14 days after the effective date of this contract, and the earnest money will be refunded to Buyer.

D. **BUYER'S ACKNOWLEDGMENT** (check applicable boxes):
  ☐ 1. Buyer has received copies of all information listed above.
  ☒ 2. Buyer has received the pamphlet *Protect Your Family from Lead in Your Home*.

E. **BROKERS' ACKNOWLEDGMENT:** Brokers have informed Seller of Seller's obligations under 42 U.S.C. 4852d to: (a) provide Buyer with the federally approved pamphlet on lead poisoning prevention; (b) complete this addendum; (c) disclose any known lead-based paint and/or lead-based paint hazards in the Property; (d) deliver all records and reports to Buyer pertaining to lead-based paint and/or lead-based paint hazards in the Property; (e) provide Buyer a period of up to 10 days to have the Property inspected; and (f) retain a completed copy of this addendum for at least 3 years following the sale. Brokers are aware of their responsibility to ensure compliance.

F. **CERTIFICATION OF ACCURACY:** The following persons have reviewed the information above and certify, to the best of their knowledge, that the information they have provided is true and accurate.

| | | | |
|---|---|---|---|
| Buyer Kurtis K. Hubbard | 12-3-09 Date | Seller Thomas L. Barrells | 12/4/09 Date |
| Buyer Felicia J. Hubbard | 12-3-09 Date | Seller Teresa D. Barrells | 12/3/09 Date |
| Other Broker  Instyle Real Estate | 12-3-09 Date | Listing Broker  HIRSCHI REALTORS  Jay M. Whorter | 12/3/09 Date |

The form of this addendum has been approved by the Texas Real Estate Commission for use only with similarly approved or promulgated forms of contracts. Such approval relates to this contract form only. TREC forms are intended for use only by trained real estate licensees. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not suitable for complex transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, 1-800-250-8732 or (512) 459-6544 (http://www.trec.state.tx.us)

Form OP-L **01A**

Computer generated using AutoContract™ v6.02 software, from AutoRealty, LLC, 1060 W. Pipeline, Suite 101, Hurst, TX 76053, (800) 322-1178
This installation of AutoContract™ is licensed for use to: Jay McWhorter of Hirschi Realtors, and is not transferable. Use by others is a violation of federal copyright law under Title 17 U.S.C. §101.
F:\ACWINv6\WKFILES\Barrells.00017
printed 12-03-2009

(TAR-1911) 12-4-06

PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC) 12-04-06
(NOTICE: For use only when BUYER occupies the property for no more than 90 days PRIOR the closing)

## BUYER'S TEMPORARY RESIDENTIAL LEASE

1. **PARTIES:** The parties to this Lease are Thomas L. Barrells and Teresa D. Barrells (Landlord) and Kurtis K. Hubbard and Felicia J. Hubbard (Tenant).

2. **LEASE:** Landlord leases to Tenant the Property described in the Contract between Landlord as Seller and Tenant as Buyer known as 808 Mohawk Dr. Burkburnett TX 76354 (address).

3. **TERM:** The term of this Lease commences December 2009 and terminates as specified in Paragraph 18.

4. **RENTAL:** Rental will be $ 0.00 per day. Upon commencement of this Lease, Tenant shall pay to Landlord the full amount of rental of $ 0.00 for the anticipated term of the Lease (commencement date to the Closing Date specified in Paragraph 9 of the Contract). If the actual term of this Lease differs from the anticipated term, any additional rent or reimbursement will be paid at closing. No portion of the rental will be applied to payment of any items covered by the Contract.

5. **DEPOSIT:** Tenant has paid to Landlord $ 0.00 as a deposit to secure performance of this Lease by Tenant. If this Lease is terminated before the Closing Date, Landlord may use the deposit to satisfy Tenant's obligations under this Lease. Landlord shall refund to Tenant any unused portion of the deposit together with an itemized list of all deductions from the deposit within 30 days after Tenant (a) surrenders possession of the Property and (b) provides Landlord written notice of Tenant's forwarding address. If this Lease is terminated by the closing and funding of the sale of the Property, the deposit will be refunded to Tenant at closing and funding.
   NOTICE: The deposit must be in addition to the earnest money under the Contract.

6. **UTILITIES:** Tenant shall pay all utility connections, deposits and charges except none _____, which Landlord shall pay.

7. **USE OF PROPERTY:** Tenant may use the Property only for residential purposes. Tenant may not assign this Lease or sublet any part of the Property.

8. **PETS:** Tenant may not keep pets on the Property except 2 small dogs.

9. **CONDITION OF PROPERTY:** Tenant accepts the Property in its present condition and state of repair, but Landlord shall make all repairs and improvements required by the Contract. If this Lease is terminated prior to closing, Tenant shall surrender possession of the Property to Landlord in its present condition, as improved by Landlord, except normal wear and tear and any casualty loss.

10. **ALTERATIONS:** Tenant may not: (a) make any holes or drive nails into the woodwork, floors, walls or ceilings (b) alter, paint or decorate the Property or (c) install improvements or fixtures without the prior written consent of Landlord. Any improvements or fixtures placed on the Property during the Lease become a part of the Property.

11. **SPECIAL PROVISIONS:**
    Buyer will take care of repairs and any lender required repairs in lieu of paying a lease dollar amount.

12. **INSPECTIONS:** Landlord may enter at reasonable times to inspect, replace, repair or complete the improvements. Tenant shall provide Landlord door keys and access codes to allow access to the Property during the term of the Lease.

13. **LAWS:** Tenant shall comply with all applicable laws, restrictions, ordinances, rules and regulations with respect to the Property.

14. **REPAIRS AND MAINTENANCE:** Except as otherwise provided in this Lease, Tenant shall bear all expense of repairing, replacing and maintaining the Property, including but not limited to the yard, trees, shrubs, and all equipment and appliances, unless otherwise required by the Texas Property Code. Tenant shall promptly repair at Tenant's expense any damage to the Property caused directly or indirectly by any act or omission of the Tenant or any person other than the Landlord, Landlord's agents or invitees.

Initialed for identification by Landlord ___ ___ and Tenant ___ ___ TREC NO. 16-4

Computer generated using AutoContract™ v5.02 software, from AutoRealty, LLC, 1080 W. Pipeline, Suite 101, Hurst, TX 76053, (800) 322-1178
This installation of AutoContract™ is licensed for use to: Jay McWhorter of Hirschi Realtors, and is not transferable. Use by others is a violation of federal copyright law under Title 17 U.S.C. §101.
F:\ACWINv5\WKFILES\Barrells.00017
printed 12-03-2009

(TAR-1911) 12-4-06

Buyer's Temporary Residential Lease 808 Mohawk Dr. Page 2 of 2 12-04-06
(Address of Property)

**15. INDEMNITY:** Tenant indemnifies Landlord from the claims of all third parties for injury or damage to the person or property of such third party arising from the use or occupancy of the Property by Tenant. This indemnification includes attorney's fees, costs and expenses incurred by Landlord.

**16. INSURANCE:** Landlord and Tenant shall each maintain such insurance on the contents and Property as each party may deem appropriate during the term of this Lease. NOTE: CONSULT YOUR INSURANCE AGENT; POSSESSION OF THE PROPERTY BY BUYER AS TENANT MAY CHANGE INSURANCE POLICY COVERAGE.

**17. DEFAULT:** If Tenant fails to perform or observe any provision of this Lease and fails, within 24 hours after notice by Landlord, to commence and diligently pursue to remedy such failure, Tenant will be in default.

**18. TERMINATION:** This Lease terminates upon (a) closing and funding of the sale under the Contract, (b) termination of the Contract prior to closing, (c) Tenant's default under this Lease, or (d) Tenant's default under the Contract, whichever occurs first. Upon termination other than by closing and funding of the sale, Tenant shall surrender possession of the property.

**19. HOLDING OVER:** Any possession by Tenant after termination creates a tenancy at sufferance and will not operate to renew or extend this Lease. Tenant shall pay $ 35.00 per day during the period of any possession after termination as damages, in addition to any other remedies to which Landlord is entitled.

**20. ATTORNEY'S FEES:** The prevailing party in any legal proceeding brought under or with respect to this Lease is entitled to recover from the non-prevailing party all costs of such proceeding and reasonable attorney's fees.

**21. SMOKE DETECTORS:** The Texas Property Code requires Landlord to install smoke detectors in certain locations within the Property at Landlord's expense. Tenant expressly waives Landlord's duty to inspect and repair smoke detectors.

**22. SECURITY DEVICES:** The requirements of the Texas Property Code relating to security devices do not apply to a residential lease for a term of 90 days or less.

**23. CONSULT YOUR ATTORNEY:** Real estate licensees cannot give legal advice. This Lease is intended to be legally binding. READ IT CAREFULLY. If you do not understand the effect of this Lease, consult your attorney BEFORE signing.

**24. NOTICES:** All notices from one party to the other must be in writing and are effective when mailed to, hand-delivered at, or transmitted by facsimile or electronic transmission as follows:

**To Landlord:** Thomas and Teresa Barrells

1805 A Dayton

Wichita Falls, TX 76301

**To Tenant:** C/O Instyle Real Estate

931 Red River Expressway

Burkburnett, TX 76354

Telephone: 940-631-3272
Facsimile:
E-mail:

Telephone: 940-569-3444
Facsimile: 940-569-3454
E-mail: tony@instylerealestate.com

Landlord Thomas L. Barrells
Landlord Teresa D. Barrells

Tenant Kurtis K. Hubbard
Tenant Felicia J. Hubbard

The form of this contract has been approved by the Texas Real Estate Commission. TREC forms are intended for use only by trained real estate licensees. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not intended for complex transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, 1-800-250-8732 or (512) 459-6544 (http://www.trec.state.tx.us) TREC NO. 16-4. This form replaces TREC NO. 16-3.

TREC NO. 16-4

Computer generated using AutoContract™ v8.02 software, from AutoRealty, LLC, 1080 W. Pipeline, Suite 101, Hurst, TX 76053, (800) 322-1178
This installation of AutoContract™ is licensed for use to: Jay McWhorter of Hirschi Realtors, and is not transferable. Use by others is a violation of federal copyright law under Title 17 U.S.C. §101.
F:\ACWIN\6\WKFILES\Barrells.00017
printed 12-03-2009